## DAVIS v. DAVIS.

(Supreme Court, Appellate Division, First Department. October 25, 1912.)

DIVORCE (§§ 129, 136*)—INFIDELITY—EVIDENCE.

Defendant went to a hotel with a young woman, not his wife, and under an assumed name registered his companion as his wife. They were assigned to a suite, for which he paid in advance for one day. Immediately before going to the hotel, they had been to another hotel, where they had dined together, and where defendant had registered himself and the woman as his wife under another fictitious name, and had some discussion with the room clerk, after which they had left. In an action for divorce, defendant contested the case, denied the inference of criminal intimacy, but did not take the stand in his own behalf. *Held,* that the facts did not justify an inference that defendant and his wife were acting in collusion, to afford her an apparent basis for an action for divorce without his having actually committed adultery, but warranted a decree for adultery.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 411–441, 453, 454; Dec. Dig. §§ 129, 136.*]

Appeal from Judgment on Report of Referee.

Action by Aida L. Davis against Charles L. Davis for divorce. From an order denying plaintiff's application for judgment on report of a referee, she appeals. Reversed, and interlocutory judgment of divorce entered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

W. C. Percy, of New York City, for appellant.
Allen C. Bragaw, of New York City, for respondent.

LAUGHLIN, J. This is an action for divorce. The plaintiff alleged that on the 12th day of December, 1911, at the Grand Union Hotel, New York, the defendant committed adultery with a woman unknown to her. This allegation was put in issue. The uncontroverted evidence shows that at the time and place specified in the complaint the defendant, accompanied by a young woman not his wife, entered the hotel with one traveling bag, and under an assumed name registered his companion as his wife; that they were assigned to a suite of rooms, for which he paid in advance for the period of one day, and were escorted to the elevator leading to rooms by a bell boy, who had the key and carried the traveling bag; that they entered the elevator, the door of which was then closed; that shortly thereafter the boy returned to the office unaccompanied by either of them and without the traveling bag; and that immediately before going to the Grand Union Hotel they had been to the Hotel Belmont, across the avenue, where they dined together, and where the defendant had registered the woman and himself under another fictitious name, and had had some discussion with the room clerk, after which they left. On this evidence, the referee found in favor of the plaintiff. The learned judge presiding at Special Term was of opinion that the evidence was insufficient to warrant a decree, and denied the motion to confirm the report.

If the action had not been defended, it may well be that the inference of criminal intimacy would not be warranted by this evidence, for the parties might by collusion thus lay the foundation for divorce by misleading circumstantial evidence; but the action was defended, and the confirmation of the report of the referee was opposed. The only reasonable theory on which it could be said that the defendant was not guilty of criminal intimacy with the woman accompanying him on the occasion in question is that he was at the time acting in collusion with his wife to afford her an apparent basis for the action, without having committed the act of infidelity on which only the law authorizes a divorce. In the absence of any evidence pointing in that direction, it is not a reasonable inference that he was then in collusion with his wife to enable her to obtain a divorce, and has since changed his mind; for, if that were so, he would doubtless have taken the stand in his own behalf, which he did not do. The inference is irresistible, therefore, that he registered and hired the suite of rooms for the purpose of having intimate relations with the woman accompanying him, and all of the circumstances point to the fact that she must have known that such was his purpose, and it is fairly to be inferred that they went to the suite of rooms to which they were assigned and consummated their mutual desire.

We are of opinion, therefore, that the report of the referee should have been confirmed. It follows that the order should be reversed, with $10 costs and disbursements, and interlocutory judgment of divorce entered, with costs of the action. All concur.